# Bolles *v.* Erie Railroad Company, Appellant.

*Negligence—Master and servant—Youthful employee—Danger‑ous place to work—Failure to instruct—Case for jury.*

In an action by a youthful and inexperienced employee against his employer to recover damages for personal injuries sustained in a boiler shop, the case is for the jury where the evidence tends to show that plaintiff had been put to work by defendant's servant at a task usually performed only by skilled and experienced employees; that the work required a light; that although plaintiff had been working about the shop as an apprentice for some time, and had seen skilled men at work, there was some doubt whether or not he comprehended the reason why a light should be used and realized the danger of assuming to do the work he was told to do without the use of such light; that being unable to procure a light he at‑tempted to perform the task assigned to him without it; and that as a result a flying chip of steel struck him in the eye.

In such case, even if the plaintiff's own evidence is contradictory, the question of the meaning of it, as a whole, must be submitted to the jury, and the court cannot declare as a matter of law that the plaintiff was guilty of contributory negligence.

Argued March 4, 1918.    Appeal, No. 36, March T., 1918, by defendant, from judgment of C. P. Susquehanna Co., Aug. T., 1915, No. 81, on verdict for plaintiff in case of Louis R. Bolles, by his next friend and mother, Joseph‑

ine Bolles, v. Erie R. R. Company.   Before ORLADY,
P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and
WILLIAMS, JJ.  Affirmed.


Trespass to recover damages for personal injuries.
Before DENNEY, P. J.

At the trial it appeared that the plaintiff was injured
in the eye by a flying chip of steel when he was operating
a pneumatic hammer in a boiler shop owned by the de-
fendant.

The court charged in part as follows:

He claims that as a matter of fact he had never operated
a pneumatic hammer except on one previous occasion for
a period of about an hour and that all he knew about this
work was what he had seen around the shop, and that an-
other boilermaker, I think Mr. Purdy, had told him how
to work or use this hammer, but that he had never been
properly instructed as to the use of the tool, nor as to the
danger attendant upon its use.  It is also claimed on the
part of the plaintiff that there was insufficient light from
the lights that were stationary in the shop and other
lights there were testified to as being upon a moving
crane.

He alleges that the light was insufficient to do this
work properly, and that he went to the foreman, Mr.
Umalauf, the man in charge of the shop, and asked for a
bulb to fit into a hand light that he had, and which he
considered necessary to do the work with.  That Mr.
Umalauf drew an order for him to go to the storeroom
and obtain a bulb, but that he found on going there that
they were out of bulbs.  And he testifies as to the addi-
tional efforts that he made for the purpose of securing
the light, which he failed to do, and all of which he re-
ported to Mr. Umalauf, and I think he testified that in
response to this report, that Mr. Umalauf told him that
he would have to do the best he could, but that he wanted
him to work on the boiler, because they were anxious to
get it completed as quickly as possible.

He says that he did go to work, and had worked about an hour and a half when this accident occurred. It is contended by the plaintiff that there was negligence on the part of the company in directing this young man to proceed with his work on that fire box without furnishing him with the necessary light, with which to work, and also for putting him at work on that fire box, without having first given him proper and sufficient instructions. During the time that he was working, I think he testified that about half an hour before the injury, another boiler-maker near by, Mr. Purdy, told him that it was dangerous to do the work that he was doing without a hand light, but that he continued until the time of the accident.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Error assigned,* among others, was in submitting the case to the jury.

*William A. Skinner,* for appellant.

*E. R. W. Searle,* with him *R. W. Archbald,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

In cases of this character, if the trial court be asked to enter a compulsory nonsuit or direct a verdict in favor of the defendant, such action must be predicated on the whole of the plaintiff's case in its entirety. It is often true that certain statements made by a plaintiff, if viewed alone and apart from the body of his evidence, might warrant such action by the court. But it has been many times held that even if the plaintiff's own evidence be contradictory, then the question of the meaning of it, as a whole, must be submitted to the jury and the court would not be warranted in declaring, as matter of law, that the plaintiff was guilty of contributory negligence or had voluntarily chosen to take the risk of a danger so obvious and imminent that no reasonable person would accept such a chance.

These remarks we think fairly illustrate the character of the question before us and indicate why the action of the court cannot be said to have been erroneous.  There was evidence the plaintiff was youthful and inexperienced; that he was put to work by the defendant's servant at a task usually performed only by skilled and experienced employees.  Although he had been working about the boiler shop as an apprentice for some time and had seen skilled men at work using a light, there was some doubt whether or not he comprehended the reason why such light should be used and realized the danger of assuming to do the work he was told to do without the use of such light.  Being unable to procure a light, he attempted to perform the task assigned to him without it.  As a result a flying chip of steel struck him in the eye and the sight of that eye was destroyed.

Being of opinion the learned trial judge could not have withdrawn the case from the consideration of the jury, we discover no error in the manner in which it was submitted.  The assignments of error are overruled.

Judgment affirmed.